FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

OCT 29 2010

JAMES N. HATTEN, Clerk
_____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN LESTER MOORE, III, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| KEMUEL A. KIMBROUGH, SR.; | :: | CIVIL ACTION NO. |
| LIEUTENANT THOMPSON; and | :: | 1:10-CV-2676-TWT |
| CORRECTIONS OFFICER GOMEZ, | :: | |
| Defendants. | :: | |

## ORDER AND OPINION

Plaintiff, John Lester Moore, III, presently confined in the Clayton County Detention Center in Jonesboro, Georgia, has filed this pro se civil rights action. (Doc. 1). On August 31, 2010, the Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 3). The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. The Standard of Review for Screening Prisoner Civil Rights Actions

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails

to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for all civil actions," to wit, conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court

AO 72A
(Rev.8/82)

accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

## II.  Discussion

Plaintiff brings this action against Clayton County Sheriff Kemuel A. Kimbrough, Sr., Lieutenant Thompson, and Corrections Officer Gomez. (Doc. 1 ¶ III). Plaintiff complains that, on April 21, 2010, he was the third inmate assigned to a cell designed for two inmates and, thus, was forced to sleep on a thin mattress on the concrete floor for two weeks until the release of one of his roommates. (Id. ¶ IV). Plaintiff further alleges that Defendants denied him access to the law library because he "had an attorney on file." (Id.). Plaintiff seeks injunctive relief. (Id. ¶ V).

### A.   Thin Mattress in Overcrowded Cell

It appears that Plaintiff may be a pre-trial detainee. "The due process clause accords pretrial detainees rights not enjoyed by convicted inmates. While a sentenced inmate may be punished in any fashion not cruel and unusual, the due process clause forbids punishment of a person awaiting trial but not yet adjudged guilty of any crime." Hamm v. DeKalb County, 774 F.2d 1567, 1572 (11th Cir. 1985); see also Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004). However, in addition to

3

the restraint necessary to ensure a suspect's presence at trial, "[l]egitimate restraints may stem from the . . . need to manage the detention facility and maintain security." Hamm, 774 F.2d at 1573. "[T]he fact that [pretrial] detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998) (quoting Bell v. Wolfish, 441 U.S. 520, 537 (1978)). "Absent a showing of an expressed intent to punish," the court should consider whether the condition or restriction is "reasonably related to a legitimate governmental objective," and if it is, it is not punishment. Bell, 441 U.S. at 538-39. In regard to prison conditions affecting "life and health," the "decision to maintain at a reasonable level the quality of food, living space, and medical care rather than improve or increase its provisions of those necessities serves a legitimate purpose: to reasonably limit the cost of detention." Hamm, 774 F.2d at 1573-74. However, the failure to provide "some minimal level of these necessities . . . violates due process-even though the conditions imposed serve some ordinarily legitimate state objective." Id. at 1573. That "minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." Id. at 1574.

4

AO 72A
(Rev.8/82)

Plaintiff's complaint that he was forced to sleep on a thin mattress on a concrete floor for two weeks fails because he does not allege an express in intent to punish. See Hamm, 774 F.2d at 1575 ("that Hamm temporarily had to sleep upon a mattress on the floor or on a table is not necessarily a constitutional violation").

### B.    Access to Courts

Prisoners have no "freestanding right to a law library or legal assistance." Bass v. Singletary, 143 F.3d 1442, 1445 (11th Cir. 1998). Rather, the provision of access to a law library is one method by which a state can assure inmates meaningful access to the courts. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977) (emphasis added). An inmate alleging lack of access to the courts, however, must show actual injury, i.e., that the lack of access has hindered his efforts to pursue a legal claim. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). When represented by counsel, a defendant in criminal proceedings retains no right to a law library in order to achieve meaningful access to the courts. Bourdon v. Loughren, 386 F.3d 88, 94 (2nd Cir. 2004); Wilson, 163 F.3d at 1291 (stating plaintiff could not show "actual injury

5

regarding . . . his criminal conviction, because he was represented by counsel in that matter"). Because Plaintiff acknowledges that he is represented by counsel in his pending state criminal proceedings and has not alleged that Defendants' refusal to allow him access to the law library has prevented him from filing or pursuing any other non-frivolous claims, he has not shown actual injury.

### III. Conclusion

Based on the foregoing, **IT IS HEREBY ORDERED** that the instant pro se civil rights action (Doc. 1) is **DISMISSED** for failure to state a claim.

**IT IS SO ORDERED** this  29  day of  October , 2010.

*Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)